JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
1111 H Street, # 204
Sacramento, CA. 95814
(916) 444-3994
Fax (916) 447-0931

Attorney for Defendant
VI A. LE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VI A. LE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CR. S-10-443 TLN<br><br>STIPULATION AND ORDER REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT<br><br>Date:   June 20, 2013<br>Time:  9:30 a.m.<br>Judge: Honorable Troy L. Nunley |

The United States of America through its undersigned counsel, Todd D. Leras, Assistant United States Attorney, together with counsel for defendant Vi A. Le, John R. Manning, Esq., hereby stipulate the following:

   1. By previous order, this matter was set for status conference on May 7, 2013.  This matter was transferred from the Honorable John A. Mendez to the Honorable Troy L. Nunley and the court date was moved from May 7, 2013 to May 9, 2013.

   2. By this stipulation, defendants now move to continue the status conference until June 20, 2013 and to exclude time between May 7, 2013 and June 20, 2013 under the Local Code T-4 (to allow defense counsel time to prepare).

   3.  The parties agree and stipulate, and request the Court find the following:

a. Counsel for the defendant needs additional time to meet with the defendant (with interpreter) in order to complete their review of the discovery; investigation reports, discussion and analysis of relevant USSG calculations; and, review the plea agreement.

b. This case includes 526 pages of discovery as well as one disc of video.

c. The defendant requires the services of a Cantonese interpreter in order to communicate effectively with counsel.

d. This case is one of a series of cases evolving from a lengthy DEA/Elk Grove PD/Sac SO investigation into widespread use of vacant home in the Elk Grove area (and Bay Area) as "grow houses."  Many, if not all, of the defendants (and witnesses) in this series of cases speak Cantonese (or another dialect) requiring the use of an interpreter. One of the cases stemming from this investigation, involving multiple defendants (all of whom require Cantonese/Mandarin interpreters) had been set for trial (Hong et al 11-166 MCE) until recently (I am counsel of record for Mr. Ma in 11-166 MCE). Because Hong et al had been sent for trial, both the interpreters and the Agents (who are involved in this case) were unavailable (or, at least, significantly compromised in terms of their availability) for a period of time.

e. As indicated, this case is part of a much larger operation focusing on indoor grows in South Sacramento and Elk Grove.  It has been remarkably productive – resulting in the seizure of thousands of plants, numerous search warrants, and the arrest of several dozen defendants (the vast majority of whom speak either Cantonese, Vietnamese, Mandarin, or Hakka).  Co-coordinating meetings between the Parties has proved challenging.

    f.   Counsel for defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    g.   The Government does not object to the continuance.

    h.   Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial within the original date prescribed by the Speedy Trial Act.

    i.   For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) and (B)(iv) within which trial must commence, the time period of May 7, 2013 to June 20, 2013, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv) corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 29, 2013                                                         /s/ John R. Manning
                                                                                    JOHN R. MANNING
                                                                                    Attorney for Defendant
                                                                                    Vi A. Le

Dated: April 29, 2013

Benjamin B. Wagner
United States Attorney

by:/s/ Todd D. Leras
TODD D. LERAS
Assistant U.S. Attorney

**ORDER**

IT IS SO FOUND AND ORDERED this 13th day of May, 2013.

_____
Troy L. Nunley
United States District Judge

4